# EXHIBIT B

ONTARIO SUPERIOR COURT OF JUSTICE  (TORONTO REGION)
# CIVIL ENDORSEMENT FORM
*(Rule 59.02(2)(c)(i))*

| BEFORE | Judge/Case Management Master<br>Myers J | Court File Number:<br>CV-17-586690 |
|---|---|---|

**Title of Proceeding**:

Comeau     Plaintiff(s)
-v-
140398 Ontario Limited et. al.     Defendants(s)

| Case Management: | ☐ Yes   If so, by whom: | X No |
|---|---|---|

**Participants and Non-Participants:** *(Rule 59.02(2)((vii))*

| Party | Counsel | E-mail Address | Phone # | Participant (Y/N) |
|---|---|---|---|---|
| 1) Plaintiff | A Stephens | astephens@millerthomson.com | | Y |
| 2) Defendants | J Adair and C Grisdale | JAdair@agbllp.com;<br>CGrisdale@agbllp.com | | Y |
| 3) | | | | |
| 4) | | | | |
| 5) | | | | |

**Date Heard:** *(Rule 59.02(2)(c)(iii))*   March 10, 101`

**Nature of Hearing (mark with an "X"):** *(Rule 59.02(2)(c)(iv))*

☐ Motion    ☐ Appeal    X  Case Conference    ☐ Pre-Trial Conference    ☐ Application

**Format of Hearing (mark with an "X"):** *(Rule 59.02(2)(c)(iv))*

☐ In Writing    ☐ Telephone    X  Videoconference    ☐ In Person

If in person, indicate courthouse address:

**Relief Requested:** *(Rule. 59.02(2)(c)(v))*

Defendants ask for a case schedule.

**Disposition made at hearing or conference (operative terms ordered):** *(Rule 59.02(2)(c)(vi))*

Schedule ordered as below.

| | | |
|---|---|---|
| **Costs:** On a  N/A | indemnity basis, fixed at $ | are payable |
| by | to | [when] |

**Brief Reasons, if any:** *(Rule 59.02(2)(b))*

This action stalled and was assigned to case management to help break the logjam. First, I required counsel to discuss and try to schedule efficiently a string of motions that were under contemplation. In addition, the plaintiff has been promising an amended statement of claim for almost two years. He has required and has been provided with substantial documentary production by the defendants that the plaintiff says he needs to plead. It is quite unusual to receive production before pleading. Normally, a plaintiff is expected to have formulated his claim before he is entitled to demand discovery. In any event, at the prior case conference, I required the plaintiff to deliver his amended pleading by April 30, 2021.

This morning, I was told that the defendants have determined that they will not bring the motions discussed previously. They ask instead for this case to move forward with alacrity. They propose a schedule that would have them deliver any further documents that the plaintiff may properly request by May 31, 2021. They ask for examinations for discovery to be held by June 30, 2021.

Counsel agree that three days of examinations are required.

Mr. Stephens advises that the plaintiff expects to request voluminous further productions. The amended statement of claim is intending to address refusals given on prior examinations for discovery. He expresses concern for the defendants' ability to meet the dates they propose, In addition, he advises that he has a busy summer of examinations and prefers examinations be deferred to the fall.

Normally, the plaintiff pushes for a trial and the defendants demur. Here, the defendants are happy to move the case forward quickly.

While all appreciate civility among counsel, Mr. Adair is content to bear the burden of production on the date that he proposes. I have a concern however, that the amended pleading and related document requests may quickly become bogged down in issues of relevancy and proportionality. I will deal with any such issues summarily under Rule 50.13 (6) – both the scope of the amended pleading and any documentary requests –at a case management conference to be scheduled by the parties during the week of May 3, 2021. If evidence is required under Rule 29.2, I may be spoken to in advance on a date to be agreed by counsel.

In all, I am convinced that this action should come to trial as soon as reasonably possible. The hiatus has continued for too long. The plaintiff claims, among other things, the right to buy the defendants' shares. If he succeeds, then the defendants will have been essentially working for his benefit for all this time. The point of case management was to break the procedural logjams and move this case forward. Moreover, booking discoveries in June leaves Mr. Stephens' busy summer alone.

The following case schedule is ordered. Dates cannot be amended without an order of the court:

The plaintiff is to serve his amended statement of claim by April 30, 2021 as previously ordered;

The plaintiff shall serve a list of all additional documents that he requests, if any, at the same time as he serves the amended statement of claim;

The defendants' amended statement of defence shall be served by May 14, 2021;

Counsel shall schedule a case conference through my Judicial Assistant for a date to be agreed upon by them in the week of May 3, 2021. If counsel cannot agree on a date for the case conference by the end of this week, they may each send me an email proposing one or two dates and times and I will schedule the case conference in writing;

**Examinations for discovery shall be completed by June 30, 2021. Rule 34.12 (2) applies to the examinations. Witnesses shall answer all questions asked despite any objections made by their counsel. The evidence given or documents produced subject to objection may not be used in a factum or court hearing without a ruling by the presiding judge. The sole exception to this process will be for questions objected to on the basis of lawyer client privilege. Questions that seek to elicit an answer subject to lawyer client privilege do not need to be answered until a ruling is obtained.**

**There can be a concern that this process could be subject to abuse if counsel were to ask questions deliberately beyond the scope of propriety or relevancy to embarrass the witness or party. Let me assure the parties and counsel that any such misconduct, apart from being unprofessional, will be dealt with swiftly and severely under Rule 34.14. I sincerely doubt that counsel of the calibre involved in this case would allow themselves to be induced to travel down that path. But the warning is made so that there can be no doubt about the process.**

**I may be contacted in real time during an examination to assist with rulings if absolutely necessary.**

**The plaintiff shall set the action down for trial by August 30, 2021.**

| | |
|---|---|
| **Additional pages attached:** ☐ Yes   **X**   No | 2021.03.10 09:36:08 -05'00' |
| _____**March 10**_____, 20 **21**<br>Date of Endorsement *(Rule 59.02(2)(c)(ii))* | _____<br>Signature of Judge/Case Management Master *(Rule 59.02(2)(c)(i))* |