# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| GARY COMEAU, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:20-cv-00646 |
| | ) |
| | ) Honorable Robert G. Doumar |
| v. | ) |
| | ) |
| SMP SPECIALTY METAL PRODUCTS | ) |
| INC., 1140398 ONTARIO LTD., AND | ) |
| JOHN CUNERTY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY IN SUPPORT OF DEFENDANTS'
## MOTION TO STAY PENDING PARALLEL FOREIGN CASE

## TABLE OF AUTHORITIES

**Cases**

*Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*,
   846 F.2d 731 (Fed. Cir. 1988)..................................................................................................3

*Centennial Life Ins. Co. v. Poston*,
   88 F.3d 255 (4th Cir. 1996)......................................................................................................4

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ................................................................................................................2

*Larson v. Correct Craft, Inc.*,
   569 F.3d 1319 (Fed. Cir. 2009)................................................................................................3

*MCV, Inc. v. King-Seeley Thermos Co.*,
   870 F.2d 1568 (Fed. Cir. 1989)................................................................................................3

*Natuzzi Americas, Inc. v. Petrook*,
   No. 12-559, 2013 WL 6628763 (M.D.N.C. Dec. 16, 2013).....................................................5

*Pannu v. Iolab Corp.*,
   155 F.3d 1344 (Fed. Cir. 1998)................................................................................................4

*Pappalardo v. Stevins*,
   746 F. App'x 971 (Fed. Cir. 2018) ...........................................................................................3

*Pexcor Mfg. Co. v. Uponor AB*,
   920 F. Supp. 2d 151 (D.D.C. 2013).........................................................................................5

*Schwindt v. Hologic, Inc.*,
   No. 11-00110, 2011 WL 3806511 (S.D. Ind. Aug. 26, 2011) .................................................4

*Venn Corp. v. Cox*,
   No. 15-01404, 2016 WL 1337626 (E.D. Va. Apr. 4, 2016) ....................................................5

*VonRosenberg v. Lawrence*,
   781 F.3d 731 (4th Cir. 2015)....................................................................................................2

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ................................................................................................................4

**Statutes**

35 U.S.C. § 256..............................................................................................................................4

Plaintiff Gary Comeau's Response (Dkt. 35, "Resp.") to Defendants' Motion to Stay (Dkts. 30, 31, "Mot.") confirms Comeau will do whatever it takes to force Defendants to litigate the same issues in two separate lawsuits.

As discussed in Defendants' Motion, Comeau amended his pleading—just 5 weeks ago—in the Ontario lawsuit (which involves all of the parties here) to raise all of the same issues at stake in this lawsuit. (Mot. 4–5[1] (citing Ex. D, ¶¶ 1.e, 1.q, 16, 17, 19–24, 48, 78).) Faced with Defendants' resulting Motion to Stay, Comeau amended his Ontario pleading *again*—on Monday, May 31—to try to undermine the parallel nature of the two lawsuits. In particular, Comeau argues the Ontario case no longer involves inventorship of the Defendants' Visionlift product, which embodies U.S. Patent No. 9,708,823 (at issue in this lawsuit). (Resp. 5 n.4 (noting that Comeau's operative Ontario pleading no longer seeks "damages . . . caused by Cunerty falsely claiming inventorship of the patents for the Comeau Inventions when, in fact, Comeau was the inventor").)

A stay, however, is still appropriate. Indeed, Comeau's Response cannot dispute any of the followings facts, which weigh in favor of a stay:

1. Comeau filed the Ontario case over three years before this one, and it is much further along (Mot. 2, 5 (citing Exs. A, C));

2. The Ontario case involves all of the parties to this case (Mot. 7 (citing Ex. D));

3. The Ontario case involves nearly all of the issues in this case: the parties will litigate inventorship of the inventions claimed in two of the three U.S. patents-in-suit here as well as ownership of those two patents (Mot. 4–5 (citing Ex. D));[2]

---

[1] Pinpoint citations to "Mot." are to the Memorandum in support of Defendants' Motion (Dkt. 31).

[2] Comeau wrongly suggests Defendants have argued in Ontario that the court need not adjudicate inventorship. (Resp. 6 (citing Ex. 3, ¶ 54).) Not true. Defendants have simply raised the same alternative defense in Ontario that they have raised here: that even if Comeau were determined to be the sole inventor of the patents at issue, he would not be entitled to own them. (Resp., Ex. 3 at ¶ 54.) Defendants will also litigate the threshold question of whether Comeau is, in fact, the sole inventor. (*E.g. id.*, ¶¶ 43–49.)

1

4. Resolving the ownership dispute requires the application of Ontario corporate and employment law (Mot. 8–9 (citing Dkts. 22, 24));

5. The parties, most of the relevant evidence, and numerous non-parties from whom Plaintiff has solicited discovery are all in Ontario (Mot. 8 (citing Ex. B and Compl.)); and

6. The Ontario case can more comprehensively resolve the parties' disputes: it involves nearly all of the issues in this case as well as many others (Mot. 8 (citing Ex. D)).

What's more, Comeau lacks standing as to the only issue in this case that is not in the Ontario case (inventorship of the inventions claimed in the '823 Patent). As shown in Defendants' Motion to Dismiss (*see* Dkts. 22, 27) Comeau has no injury-in-fact because he stands to gain nothing from being named the sole inventor of the '823 Patent. He is already a co-inventor, and he has assigned away his ownership rights in the Patent. And his claims of "reputational injury" are legally insufficient because he has not plausibly pleaded any resulting economic harm, such as loss of employment prospects.

Instead of acknowledging these facts, Comeau's Response instead tries to hide behind an incorrect legal standard: a stay is not appropriate, Comeau argues, because the Court must apply the "exceptional circumstances" test of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (Resp. 9–12.) Comeau is wrong.

The question of whether *Colorado River* applies turns on the type of relief sought—not, as Comeau claims (Resp. 10), whether the action was filed under the Declaratory Judgment Act ("DJA"). In particular, the Fourth Circuit has made clear that the Court must look to whether the plaintiff seeks "nondeclaratory relief"—in other words "injunctive or monetary relief." *VonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015) (as amended Apr. 17, 2015). Indeed, in *VonRosenberg*, the plaintiff sought both "declaratory and nondeclaratory relief" under the Lanham Act, the federal statute governing trademarks—not the DJA. *Id.* at 732, 733. Yet the

court's analysis turned on the fact that nondeclaratory relief (an injunction) was sought—not on whether the claims were filed under the DJA. *Id*. 735.

Here, Comeau seeks only declaratory relief. Comeau does not appear to dispute that his requests for declarations as to ownership of the patents-in-suit are declaratory in nature. (*See* Dkt. 1, ¶¶ 75, 77.) And the Federal Circuit has consistently characterized requests to determine inventorship of U.S. patents as declaratory in nature as well. *E.g. Pappalardo v. Stevins*, 746 F. App'x 971, 974 (Fed. Cir. 2018) ("Should a patent issue from the '597 application, nothing prevents Mr. Pappalardo from seeking ***declaratory judgment relief*** on a correction of inventorship claim at that time.") (emphasis added); *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325 (Fed. Cir. 2009) ("[Plaintiff's] allegations . . . reveal that Larson seeks a judicial determination that he . . . is the true and sole inventor of the wakeboard tower. In substance, that is the ***same relief that the patent statute provides in § 256***, and in other contexts we have treated requests for declaratory relief relating to inventorship as ***functional equivalents*** of actions formally brought pursuant to § 256.") (emphases added).

The case law Comeau cites (Resp. 10–11) does not undermine this conclusion. Indeed, *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568 (Fed. Cir. 1989), (Resp. 1, 10), supports it: there, the court observed that an "essential element under section 256 is a judicial determination of co-inventorship, ***a 'declaration,' as it were***, that Simon was a co-inventor of the drainless water cooler." 870 F.2d at 1571 (emphasis added). The court's statement distinguishing inventorship actions from "declaratory judgment actions" merely stands for the unremarkable proposition that, because § 256 establishes a cause of action, a plaintiff need not make a threshold showing of an actual controversy in order to invoke a federal court's subject matter jurisdiction. *Id*. (citing *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988)). The district

3

court cases Comeau cites (Resp. 10–11) are inapposite for the same reason. *E.g. Schwindt v. Hologic, Inc.*, No. 11-00110, 2011 WL 3806511, at *4 (S.D. Ind. Aug. 26, 2011) ("[A] § 256 suit can stand by itself without seeking jurisdiction pursuant to the Declaratory Judgment Act.")

What's more, the Supreme Court's rationale for excluding DJA actions from the *Colorado River* test applies equally to actions brought under § 256. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Court recognized that the DJA, due to its "textual commitment to discretion"—in particular, that it "provides that a court '*may* declare the rights and other legal relations of any interested party . . .'" (emphasis in original)—"confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." The same "textual commitment to discretion" is found in § 256, which provides that "[t]he court before which such matter is called in question ***may*** order correction of the patent on notice and hearing of all parties concerned." 35 U.S.C. § 256 (emphasis added). This clear language of § 256—omitted from Comeau's Response—further confirms that *Colorado River* does not apply to this motion.[3]

Thus, the "exceptional circumstances" test of *Colorado River* does not apply. Because Comeau only seeks declaratory relief, the Court enjoys "rather wide discretion" in deciding whether to stay the case. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (citing *Wilton*, 515 U.S. at 288). And for all the reasons discussed in the Motion (Mot. 7–10), a stay is appropriate.

---

[3] *Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998), which Comeau quotes out of context (Resp. 12), is inapposite. *Pannu* says nothing about whether a court has discretion to decline to hear an inventorship case at the outset. *Pannu* dealt with the issue of whether a patent is invalid for incorrect inventorship, and the court simply noted that where a "patentee demonstrates that inventorship can be corrected as provided for in section 256, a district court must order correction of the patent, thus saving it from being rendered invalid." 155 F.3d at 1350. Here, there is no invalidity challenge.

Comeau, for his part, does not meaningfully dispute that a stay would be appropriate under the correct standard. His only argument (Resp. 27–28) is that Defendants have not established that the benefits of a stay would outweigh the alleged resulting harm to Comeau. This argument fails.

First, there is no independent requirement that Defendants establish that the benefits of a stay outweigh any alleged harm to Comeau. The case Comeau cites, *Venn Corp. v. Cox*, No. 15-01404, 2016 WL 1337626 (E.D. Va. Apr. 4, 2016), was applying the *Colorado River* test. 2016 WL 1337626, at *1, *2. And courts routinely grant stays without conducting any balancing of the parties' harms. *E.g. Natuzzi Americas, Inc. v. Petrook*, No. 12-559, 2013 WL 6628763 (M.D.N.C. Dec. 16, 2013); *Pexcor Mfg. Co. v. Uponor AB*, 920 F. Supp. 2d 151, 152 (D.D.C. 2013).

Second, even if there was such a requirement, the circumstances outweigh any potential harm to Comeau. Declining to stay this case would force Defendants to litigate many of the same issues in two courts, unnecessarily imposing substantial costs and causing serious disruption to the Defendants' closely-held business operations. In contrast, a stay would cause Comeau no meaningful harm. The issue of ownership of two of the patents-in-suit here will also be litigated in Ontario, and so Comeau will not be delayed in getting any relief to which he is actually entitled. Comeau's only other claim of harm—that his "professional prospects" are being harmed (Resp. 27)—is completely unsupported. Comeau has yet to identify any actual jobs he has allegedly lost out on due to not being the sole inventor of the patents-in-suit—in his Complaint (Dkt. 1), in his Opposition to Defendants' Motion to Dismiss (Dkt. 24), or in his Opposition to the Motion to Stay. What's more, Comeau recently dropped from his Ontario pleading his request for "damages . . . for the harm to Comeau's employment prospects and reputation caused by Cunerty falsely claiming inventorship of the patents for the Comeau Inventions" (*compare* Mot. Ex. D, ¶ 1.q *with* Resp. Ex. 1, ¶ 1)—a tacit concession that he has suffered no such harm.

In sum, there is simply no reason for both this case and the Ontario case to proceed in parallel. Plaintiff Comeau's gamesmanship—amending his Ontario pleading at the eleventh hour in an effort to undermine the parallel nature of the two suits—simply confirms that his motive in opposing a stay is increasing Defendants' costs. Because Comeau's Response relies on an incorrect legal standard, and because the relevant facts favor a stay, the Court should exercise its broad discretion and stay this case pending resolution of the Ontario case.[4]

Respectfully submitted,

Dated: June 2, 2021

By: */s/ Kirk A. Sigmon*
Kirk A. Sigmon, VA Bar No. 85467
ksigmon@bannerwitcoff.com
BANNER & WITCOFF, LTD.
1100 13th Street NW, Suite 1200
Washington, DC 20005
Tel.: (202) 824-3000
Fax: (202) 824-3001

Binal J. Patel (*pro hac vice*)
bpatel@bannerwitcoff.com
Kurt C. Riester (*pro hac vice*)
kriester@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, Illinois 60606
Tel.: (312) 463-5000
Fax: (312) 463-5001

*Attorneys for Defendants*

---

[4] Defendants do not concede anything in Plaintiff's Response not specifically addressed herein. Defendants will further address arguments in the Response as appropriate at the June 3 hearing.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, thereby effecting service upon all counsel of record through the Notice of Electronic Filing issued by the system.

By: */s/ Kirk A. Sigmon*
    Kirk A. Sigmon
    ksigmon@bannerwitcoff.com
    BANNER & WITCOFF, LTD.
    1100 13th Street NW, Suite 1200
    Washington, DC 20005
    Tel.: (202) 824-3000
    Fax: (202) 824-3001